[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13206
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:94-cr-00169-RAL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DIVITO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 17, 2011)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Michael Divito, proceeding pro se, appeals the district court's order

declining to extend the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4). After review, we affirm.

## I.

In December 2005, Divito pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. The district court sentenced Divito to 90 months imprisonment, with the sentence to run concurrently with the remainder of an undischarged term of imprisonment imposed in Canada. The Judgment and Commitment Order provided: "The Court has given the defendant Credit for Time Served of 145 months beginning on February 22, 1994 when the defendant was arrested in Canada."

Almost four years later, in September 2009, Divito filed a motion under Federal Rule of Criminal Procedure 36 asking the district court to correct his judgment of conviction to state that he was sentenced to 235 months imprisonment. Because his judgment of conviction listed his term of imprisonment as 90 months, Divito was concerned that he was not receiving "Good Conduct Time" for the 145 months he had already served in Canada. By Divito's count, the difference was worth 565 days off his sentence.

By Order dated September 22, 2009, the district court denied his Motion. The district court reasoned that Divito was seeking a substantive change in his sentence, not the correction of a clerical error, and that Federal Rule of Criminal Procedure 36[1] did not permit that type of relief. Divito filed a notice of appeal on October 7, 2009.

The government filed a motion to remand in this court, challenging the timeliness of Divito's notice of appeal. By Order stamped May 11, 2010, our Court concluded that Divito's notice of appeal was untimely under Fed. R. App. P. 4(b)(1)(A) but remanded the case to the district court for the limited purpose of determining whether Divito was entitled to an extension of time under Fed. R. App. P. 4(b)(4). On remand, the district court declined to extend the time for filing, concluding that Divito's failure to file a timely notice of appeal was not the result of excusable neglect or good cause. Divito now appeals that ruling.

II.

We review a district court's order declining to extend the time for filing a notice of appeal for an abuse of discretion. United States v. Frazier, 605 F.3d 1271, 1278 (11th Cir. 2010). Under former Rule 4(b)(1)(A), a defendant in a

---

[1]Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

criminal case must file a notice of appeal within 10 days after entry of the order being appealed.[2]  However, Rule 4(b)(4) allows a district court to extend the time for filing a notice of appeal up to 30 days "[u]pon a finding of excusable neglect or good cause."  In determining whether "excusable neglect" occurred, we consider four factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201 (11th Cir. 1999).

Divito contends that the district court abused its discretion in declining to grant him an extension of time to file a notice of appeal under Fed. R. App. 4(b)(4).  Divito argues that he had good cause for failing to file a timely notice of appeal because he did not receive the district court's order denying his Rule 36 motion until September 30, 2009—eight days after it was entered on September 22.  He also asserts that his late filing should have been excused because the prison's law library is inadequate.

---

[2]  Fed. R. App. P. 4(b)(1)(A) was amended in 2009, effective December 1, 2009, to increase the time for filing a notice of appeal from 10 to 14 days.  See Fed. R. App. P. 4 advisory committee notes (2009 Amendments).  Only the pre-amendment version of Rule 4(b)(1)(A) is relevant to this appeal.

The district court's decision not to extend Divito's time for filing a notice of appeal was not an abuse of discretion. Divito has failed to show how the delay in receiving the district court's order hindered his ability to file a timely notice of appeal. His assertion that it is "obvious that a delay . . . might [have] handicap[p]ed" him is not sufficient to establish good cause. Upon receiving the district court's order on September 30, 2009, Divito had six days in which to prepare and file a timely notice of appeal. Likewise, Divito has failed to demonstrate how any inadequacies in the prison law library kept him from filing a timely notice of appeal. No abuse of discretion occurred.

AFFIRMED.